IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Laird T. Milburn

Civil Action No. 09-cv-01128-JLK-LTM

CARL GARCIA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS FOR MESA COUNTY, COLORADO,
STANLEY HILKEY, in his official capacity as the Sheriff of Mesa County,
CORRECTIONAL HEALTHCARE COMPANIES, INC.,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
DEE YENTER, R.N., individually,
LEAH THRAILKILL, individually, and
LORRAINE LAMB, LPN, individually,

    Defendants.

---

### ORDER RE: PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (docket # 51)

---

    This case is before the Court pursuant an Order of Reference (docket # 29) from District Judge John L. Kane dated August 17, 2009.

    At issue is Plaintiff's Motion (docket # 51), dated March 26, 2010, which seeks leave to file Second Amended Complaint. For the reasons stated below, this Court determines that the motion should be **GRANTED**.

## I. CASE BACKGROUND

Plaintiff's claims in the case are premised generally upon allegations that Defendants withheld necessary medical attention and treatment while he was incarcerated in the Mesa County jail in the spring and summer of 2008. Plaintiff bases his claims on Title 42, U.S.C. § 1983 and state law principals of common law negligence.

The instant motion seeks to add additional individuals as Defendants, i.e., lieutenants employed by the Mesa County Sheriff, and a claim for punitive or exemplary damages against Defendants' Correctional Healthcare Companies, Inc., Correctional Healthcare Management, Inc., Dee Yenter, R.N., Leah Thrailkill, R.N., and Lorraine Lamb, LPN, as related to the negligence claim.

Defendants, Board of County Commissioners for Mesa County Colorado and Stanley Hilkey, in his official capacity as the sheriff of Mesa County (the Mesa County Defendants) object to the motion based upon Fed.R.Civ.P. 8.

Defendants Correctional Healthcare Companies, Inc., Correctional Healthcare Management, Inc., Dee Yenter, R.N., Leah Thrailkill, R.N., and Lorraine Lamb, LPN (the CHM Defendants) object on the basis that (a) the parties have not completed substantial discovery as required by C.R.S. § 13-64-302.5, and because (b) Plaintiff has not met the requirements of C.R.S. § 13-64-302.5 which requires a demonstration by Plaintiff of prima facie proof of grounds for a motion to allow a claim for punitive damages to be approved.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." The Tenth Circuit has recognized that leave to amend should be

refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith, or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300 (10th Cir.2005).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim criminal relief must include a short and plain statement of the claim showing that the Pleader is entitled to relief, and Fed.R.Civ.P. 8(e)(1) requires that each allegation be simple, concise and direct, but no technical form is required.

Colorado Revised Statutes 13-21-102, titled **Exemplary damages**, at (1)(a) allows exemplary or punitive damages to be assessed for a wrong done to a person and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, but at (1)(b)(1.5)(a) disallows a claim for exemplary damages in the initial claim for relief, and only by amendment to the pleadings after the exchange of initial disclosures pursuant to Rule 26 of the Colorado Rules of Civil Procedure, and only if the Plaintiff establishes prima facie proof of triable issue.

Colorado Revised Statues 12-64-302.5, titled **Exemplary damages - Legislative Declaration - Limitations - Distribution of Damages Collected**, which applies to healthcare professionals, a part of the Healthcare Availability Act, at part (3) also disallows exemplary damages to be included in any initial claim for relief and requires that such a claim may be asserted only by amendment to pleadings and only after the "substantial completion of discovery" (which is not defined) and only after the Plaintiff established prima facie proof a triable issue. Furthermore, under Colorado's exemplary damages statute, upon which Plaintiff

relies, claims for punitive damages may only be asserted after a plaintiff has adduced "*prima facie proof*" that a defendant has acted, *inter alia*, fraudulently, maliciously, or wilfully and wantonly. Prima facie proof is not a high bar but simply requires "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution. *Bullock v. Daimler Trucks*, No. 08-cv-00491, 2010 U.S.Dist. **Lexis 29962** (March 29, 2010, citing *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo.2007).

The stated purpose of the Healthcare Availability Act, however, as found at C.R.S. § 13-64-102, makes the provisions of the Act applicable to *malpractice actions* against healthcare professionals.

## III. FINDINGS AND CONCLUSION

With respect to objection by Mesa County Defendants, the Court **FINDS** although lengthy in detail, the second amended complaint meets the requirements of Fed.R.Civ.P. 8(a)(2) and 8(e)(1) in that the allegations are concise, plain, detailed, and understandable concerning Plaintiff's claims for relief.

Regarding the objections of **CHM** Defendants, the Court **FINDS** that (1) Plaintiff has met the burden of a *prima facie* showing that the CHM Defendants have acted, *inter alia*, fraudulently, wilfully and wantonly and there is therefore a likelihood that the issue will ultimately be submitted to the jury for resolution. In addition, the Court **FINDS** that this case is not postured as a traditional "medical malpractice" claim, in that the CHM Defendants are accused of the withholding necessary medical care and treatment rather than providing medical care that is below the standard of care (i.e., the traditional definition of a medical malpractice).

4

Thus, the provisions of C.R.S. § 13-21-102 are the more applicable standards to be applied to the facts of this case which allows a claim for exemplary damages after the exchange of initial disclosures. However, assuming *argundo* that C.R.S. § 12-64-302.5 applies to the facts of this case, "substantial discovery" has been completed in this case, thereby meeting the requirements of the statute.

**WHEREFORE**, the Court hereby **GRANTS** Plaintiff's Motion to File Second Amended Complaint in the format submitted to the Court and hereby **ORDERS** that it be filed forthwith.

DATED at Grand Junction, Colorado, this 9th day of June, 2010.

BY THE COURT:

s/Laird T. Milburn

---

Laird T. Milburn
United States Magistrate Judge